DELAWARE, L. & W. R. CO. v. LANTERMAN et ux.

(Circuit Court of Appeals, Third Circuit. October 20, 1917.)

No. 2242.

1. APPEAL AND ERROR ⊕1053(2)—HARMLESS ERROR—ADMISSION OF EVIDENCE —CURE.

On the trial of an action by a husband and wife against a railroad company for an assault, the statement of the husband, in answer to a question as to how soon the wife began to vomit after the affray, that she got very much worse "right after they put us in jail," did not require a reversal, where the trial judge immediately told the jury to disregard the remark, and repeated such caution in the charge; it appearing that no other allusion was made to the fact that plaintiffs had been in jail, and there being nothing to show that they were put in jail at the railroad's instance, and the remark apparently not having been made with any malicious intent.

2. APPEAL AND ERROR ⊕1058(2)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

On the trial of an action for assault, the exclusion of a question asked a witness as to whether she formed any opinion as to whether plaintiff's

shaking spells were real or simulated was harmless, where the witness testified at length concerning what she observed, and her testimony was full of her opinion, expressed or necessarily implied, that plaintiff's sickness was a sham.

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, District Judge.

Action by U. S. Grant Lanterman and wife against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Frederic B. Scott, of New York City, for plaintiff in error.
William H. Morrow, of Belvidere, N. J., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The plaintiffs, who are husband and wife, recovered verdicts in the District Court for bodily injuries received at the hands of the railroad's servants about 10 o'clock in the evening of June 19, 1913. The details of the assault need not be given. It is enough to say that from the conflicting testimony the jury must have found that the railroad was on the point of trespassing deliberately on the plaintiffs' land, and that the injuries were inflicted during a physical encounter that was brought about by the railroad's wrongful act; the amount of the verdicts indicating that in the jury's opinion Mrs. Lanterman suffered severely and permanently. The questions before us relate to four rulings made during the trial.

[1] 1. The railroad objects to the court's refusal to declare a mistrial under the following circumstances: During the husband's examination by his counsel concerning the extent of his wife's injuries, the following questions and answers were exchanged:

"Q. How soon after this affray was it that she first began to vomit?
"A. I want to add to that, this shoulder keeps twitching. How soon after?
"Q. Yes.
"A. It was not any more than a week. *She got very much worse right after they put us in jail.*"

Thereupon the defendant's counsel moved for a mistrial because of the words in italics, but the trial judge denied the motion, instructing the jury at the same time to pay no attention to the remark, and afterwards at the beginning of the charge instructing them again that the statement had no relevancy whatever to the issue, and should be wholly disregarded. Nothing else on this subject appears in the record; no other allusion was made to the fact that the plaintiffs had been in jail, and no information was offered about the charge on which they had been confined. It may be that they were put in jail at the railroad's instance; but no such testimony was given, and the whole matter was left in obscurity. Assuming the statement to be incompetent, the general rule is thus stated in Turner v. American Trust Co., 213 U. S. 267, 29 Sup. Ct. 424, 53 L. Ed. 788:

"The general rule is that the admission of incompetent evidence is not reversible error if it subsequently is distinctly withdrawn from the consideration of the jury."

If the rule is to govern, it is clear that the answer—which was not in response to the question of counsel, but was a not unnatural addition made by the witness, and does not seem to have been made with any malicious intent—is not cause for reversal. The court dealt with it immediately by telling the jury to disregard it, and repeated the caution in the first sentences of the charge. The railroad insists, however, that the situation falls within the exception to the rule stated in Waldron v. Waldron, 156 U. S. 383, 15 Sup. Ct. 389, 39 L. Ed. 453:

"The curative effect of the correction, in any particular instance, depends on whether or not, considering the whole case and its particular circumstances, the error committed appears to have been of so serious a nature that it must have affected the minds of the jury despite the correction by the court."

Both the rule and the exception are well established, and need no discussion; but of course a trial judge must be allowed some discretion in such a matter, and we shall only add our approval of the ruling now complained of. We do not think it likely that so brief and so vague a statement, taken with the immediate correction applied by the court, could have persisted in the minds of the jury during a trial that lasted more than four days longer.

[2] 2. The other matter, which can be disposed of in a few words, is the court's refusal to allow the following question to be answered: The witness was a woman detective, who had been sent by the railroad to obtain information concerning Mrs. Lanterman's real condition, and had stayed in the house on numerous occasions for a day or two at a time. She testified at length concerning what she observed, and in the course of her examination she was asked, but was not permitted to answer:

"From your observation of the shaking spells she had while in the vestibule of the church, and while at the railroad station when there were people around, and when there was company in the house, did you form any opinion as to whether they were real or simulated?"

It is not necessary to decide whether the refusal was erroneous, for we are satisfied that no harm could have been done. We have read carefully the testimony of the witness, and find it to be full of her opinion, either expressed or necessarily implied, that the sickness of Mrs. Lanterman was a sham, and the fact that she was not allowed to say so once more seems to us to be of no importance.

We do not think the other two objections call for comment.

Finding no reversible error, the judgments are affirmed.